UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FLAT,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 23-cv-00725-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket No. 13 |

## I. INTRODUCTION

On July 28, 2012, Plaintiff purchased a 2012 Ford F-350 vehicle (the "Vehicle"). *See* Docket No. 1, Ex. A ("Compl.") ¶ 10. In connection with the purchase, Plaintiff received an express 3-year/36,000 mile bumper-to-bumper warranty and a 5-year/60,000 mile powertrain warranty. *Id.* ¶ 9; *see* Docket No. 17 ("Opp'n") at 1; Docket No. 1, Ex. C ("Sales Contract"). Nearly ten years later, on June 18, 2022, Plaintiff filed a complaint asserting various causes of action against Ford, including breach of express warranty and implied warranty in violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq.* *See* Compl. ¶¶ 31–52.

Now pending is Ford's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), in which Ford contends each of Plaintiff's claims are time-barred by the statute of limitations. *See* Docket No. 13 ("Mot."). For the following reasons, the Court **GRANTS** Ford's motion to dismiss with leave to amend.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the

pleadings" after the pleadings are closed "but early enough not to delay trial." A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

A. <u>Statute of Limitations</u>

Plaintiff brought suit against Ford under the Song-Beverly Act alleging breach of express warranty and the implied warranty of merchantability. The statute of limitations for a violation of warranty is four years. *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1305–06 (2009) (citing Cal. Com. Code § 2725(1)–(2)).

1.      Express Warranty

Under § 2725(2), "where a warranty explicitly extends to future performance of the goods, and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." Cal. Com. Code § 2725(2). An express warranty explicitly extends to future performance of goods. The statute of limitations accrues when the breach occurs (which awaits the time of the performance owed) or should have been discovered.

Plaintiff took delivery of the Vehicle on June 28, 2012. Plaintiff received an express 3-year/36,000 mile bumper-to-bumper warranty and a 5-year/60,000 mile powertrain warranty upon purchase. As such, Plaintiff's cause of action under the Song-Beverly Act for violation of the express warranty accrued no later than June 28, 2017, the last day of the powertrain warranty, and the statute of limitations expired four years after occurrence of the breach, *i.e.*, no later than June 28, 2021. However, Plaintiff did not initiate this action until May 2022.

Plaintiff invokes what has been referred to as the "delayed discovery rule" permitted by § 2725(2) which allows for accrual when the breach "should have been discovered." *See*, *e.g.*, *Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 642–643 (2003) (applying the delayed discovery rule based on the future performance exception in Cal. Com. Code § 2725(2)). Pursuant to the delayed discovery rule, the accrual of a cause of action is postponed until the plaintiff has a "suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). For the discovery rule to apply, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 808 (internal citation omitted).

Here, while Plaintiff has alleged facts to show the time and manner of discovery, he failed to sufficiently allege an inability to have made discovery during the warranty period despite reasonable diligence. For instance, Plaintiff failed to allege the nature of repairs made to the Vehicle in 2014 and 2016, or any other information explaining why he was unable to then discover the breach.

3

### 2. Implied Warranty

Typically, a breach of the implied warranty of merchantability occurs at the date of sale. *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 134 (2008). However, the Song-Beverly Act provides that the "duration of the implied warranty of merchantability and where present the implied warranty of fitness shall be coextensive in duration with an express warranty . . . but in no event . . . have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer." Cal. Civ. Code § 1791.1(c). In *Mexia*, a California Court of Appeal determined that the durational limit in section 1791.1(c) has the effect of explicitly extending the implied warranty to future performance. 174 Cal. App. 4th at 1310 (applying the future performance exception in Cal. Com. Code § 2725(2) to the implied warranty of merchantability). Therefore, *Mexia* concluded that the implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale but must occur no later than the durational limit set forth in Section 1791.1(c). *Id.* at 1308.

Here, the express warranty was five years, and thus the implied warranty is extended to the outer limit of one year per 1791.1(c). As such, any breach of the warranty must have occurred on or before June 28, 2013, whether Plaintiff discovered the breach within that warranty period or after. Hence, the limitations period on the implied warranty claim would normally accrue no later than June 28, 2013, and the limitations period would have run by 2017, four years later. However, Plaintiff argues that the delayed discovery rule should apply to the implied warranty claim just as it does to the express warranty claim. Courts in this district are split on whether the delayed discovery rule applies to implied warranty claims. *Compare Clenney v. FCA US LLC*, No. 22-CV-00547-VC, 2022 WL 2197074, at *2 (N.D. Cal. June 20, 2022) ("[T]he statute of limitations for implied warranty claims does not run at tender. It runs at discovery."), *with Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2019 WL 2866046, at *3 (N.D. Cal. July 3, 2019) (concluding the delayed discovery rule is inapplicable to implied warranty claims). The Court need not decide this issue now, because for the reasons stated above, Plaintiff has failed to allege facts sufficient to invoke the delayed discovery rule.

### IV. CONCLUSION

Therefore, the Court **GRANTS** Ford's motion for judgment on the pleadings and dismisses the case with leave to amend to allow Plaintiff to allege with specificity delayed discovery. The amended complaint shall be filed within thirty (30) days from the date of this order.

This order disposes of Docket No. 13.

**IT IS SO ORDERED**.

Dated: June 21, 2023

_____
EDWARD M. CHEN
United States District Judge